# United States Court of Appeals for the Federal Circuit

---

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**DISH NETWORK L.L.C.,**
*Defendant-Appellant*

**v.**

**ROBERT E. FREITAS, FREITAS & WEINBERG LLP,**
*Respondents-Appellees*

---

2022-1621, 2022-1777

---

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02066-RGA, Judge Richard G. Andrews.

-------------------------------------------------

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**SIRIUS XM RADIO INC.,**
*Defendant-Appellant*

2        DRAGON INTELLECTUAL PROPERTY LLC v.
                    DISH NETWORK L.L.C.

**v.**

**ROBERT E. FREITAS, FREITAS & WEINBERG
LLP,**

*Respondents-Appellees*

————————————

2022-1622, 2022-1779

————————————

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02067-RGA, Judge Richard G. Andrews.

————————————

Decided:  May 20, 2024

————————————

JAMES F. MCDONOUGH, III, Rozier Hardt McDonough PLLC, Atlanta, GA, argued for plaintiff-cross-appellant.

LAUREN J. DREYER, Baker Botts LLP, Washington, DC, argued for all defendants-appellants.  Defendant-appellant DISH Network L.L.C. Also represented by JAMIE ROY LYNN; GEORGE HOPKINS GUY, III, Palo Alto, CA; SPENCER JAMES PACKARD, Houston, TX.

MARK BAGHDASSARIAN, Kramer Levin Naftalis & Frankel LLP, New York, NY, for defendant-appellant Sirius XM Radio Inc.  Also represented by SHANNON H. HEDVAT.

ROBERT E. FREITAS, Freitas & Weinberg LLP, Redwood Shores, CA, argued for respondents-appellees.  Also represented by DANIEL J. WEINBERG, Hopkins & Carley, ALC, Redwood City, CA.

————————————

DRAGON INTELLECTUAL PROPERTY LLC v.                    3
DISH NETWORK L.L.C.

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and
BENCIVENGO, *District Judge*.[1]

Opinion for the court filed by *Chief Judge* MOORE.

Opinion dissenting-in-part filed by *District Judge*
BENCIVENGO.

MOORE, *Chief Judge*.

DISH Network L.L.C. (DISH) and Sirius XM Radio Inc.
(SXM) (collectively, Appellants) appeal the United States
District Court for the District of Delaware's denial-in-part
of Appellants' motion for attorneys' fees under 35 U.S.C.
§ 285. Dragon Intellectual Property, LLC (Dragon) cross-
appeals the district court's grant-in-part of attorneys' fees.
For the following reasons, we affirm.

## BACKGROUND

Dragon separately sued DISH, SXM, and eight other
defendants in December 2013, alleging infringement of
claims of U.S. Patent No. 5,930,444. In response, DISH
and SXM each sent letters to Freitas & Weinberg LLP,
Dragon's counsel, explaining their products were not cov-
ered by the '444 patent and a reasonable pre-suit investi-
gation would have shown the accused products could not
infringe the asserted claims. Dragon continued to pursue
its infringement claims.

In December 2014, DISH filed a petition seeking *inter
partes* review of the '444 patent. The Patent Trial and Ap-
peal Board instituted review and subsequently granted
SXM's request for joinder under 35 U.S.C. § 315(c). The
district court stayed proceedings as to DISH and SXM

---

[1]    Honorable Cathy Ann Bencivengo, District Judge,
United States District Court for the Southern District of
California, sitting by designation.

pending resolution of the Board's review but proceeded with claim construction as to the other eight defendants.

After the consolidated claim construction hearing, Freitas & Weinberg LLP withdrew as Dragon's counsel. Based on the claim construction order, Dragon, DISH, SXM, and the other eight defendants stipulated to noninfringement as to the accused products, and the district court entered judgment of noninfringement in favor of all defendants. Subsequently, the Board issued a final written decision holding unpatentable all asserted claims. *See DISH Network L.L.C. v. Dragon Intell. Prop., LLC*, No. IPR2015-00499, 2016 WL 3268756 (PTAB June 15, 2016).

In August 2016, DISH and SXM moved for attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927. Before the motions were resolved, Dragon appealed both the district court's judgment of noninfringement and the Board's final written decision. We affirmed the Board's decision, *Dragon Intell. Prop., LLC v. DISH Network LLC*, 711 F. App'x 993 (Fed. Cir. 2017), and dismissed the parallel district court appeal as moot, *Dragon Intell. Prop., LLC v. Apple Inc.*, 700 F. App'x 1005 (Fed. Cir. 2017). On remand, Dragon moved to vacate the district court's judgment of noninfringement and to dismiss the case as moot. The district court vacated the judgment of noninfringement as moot but retained jurisdiction to resolve Appellants' fees motions.

In November 2018, the district court denied Appellants' motions for attorneys' fees. The district court held neither DISH nor SXM was a prevailing party because invalidating the patent through IPR proceedings was not a basis for attorneys' fees. We reversed and remanded, holding Appellants were prevailing parties under § 285 because they successfully invalidated the asserted claims in a parallel IPR proceeding. *Dragon Intell. Prop., LLC v. DISH Network LLC*, 956 F.3d 1358, 1361–62 (Fed. Cir. 2020).

DRAGON INTELLECTUAL PROPERTY LLC v.                    5
DISH NETWORK L.L.C.

Based on a magistrate judge report and recommendation and its own analysis, the district court determined these cases were exceptional and granted-in-part Appellants' motion for attorneys' fees under § 285 to the extent Appellants sought fees from Dragon for time spent litigating. The district court denied-in-part the motion to the extent Appellants sought attorneys' fees incurred solely during the IPR proceedings and recovery from Dragon's former counsel, Freitas & Weinberg LLP and attorney Robert Freitas (collectively, Freitas), holding § 285 does not permit either form of recovery. DISH and SXM appeal the denial-in-part of fees. Dragon cross-appeals the district court's grant-in-part of fees. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

We first address Dragon's cross-appeal. A district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Dragon challenges the district court's determination that these cases were "exceptional" under § 285.

We review exceptionality determinations for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). A district court abuses its discretion when it "fail[s] to conduct an adequate inquiry." *Atl. Rsch. Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1360 (Fed. Cir. 2011).

The district court determined these cases were exceptional based on "the substantive strength of Dragon's infringement position." *Dragon Intell. Prop., LLC v. Dish*

*Network L.L.C.*, No. 13-2066, 2021 WL 3616147, at *6 (D. Del. Aug. 16, 2021) (Magistrate Rep. and Rec.). The bases for exceptionality included clear prosecution history disclaimer, which precluded a finding of infringement by any of the accused products; public availability of information demonstrating noninfringement by the accused products before Dragon filed the infringement suits; notice of noninfringement sent by Appellants to Dragon after the complaints were filed; and Dragon's continued litigation after being put on notice of the objective baselessness of its infringement allegations. *Id.* at *6–7.

Dragon's argument is premised on its assertion that vacatur of the noninfringement judgment invalidated the prior claim construction order. Dragon Principal and Resp. Br. 54–64. Dragon contends an award of fees based on the district court's claim construction exposes it to harm based on an unreviewable decision. *Id.* at 63–64 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). Therefore, Dragon argues, the district court's reliance on its prior conclusion of clear prosecution history disclaimer was improper and its exceptionality inquiry was inadequate. We do not agree.

The district court did not abuse its discretion by relying on its prior adjudication of prosecution disclaimer during claim construction. After we dismissed Dragon's noninfringement appeal as moot and remanded to the district court, Dragon moved under Federal Rule of Civil Procedure 60(b)(6) requesting the district court "vacate [its] final judgments of non-infringement" and dismiss the cases as moot. The district court vacated its noninfringement judgments but declined to dismiss the cases, retaining jurisdiction to resolve Appellants' fee motions. *Dragon Intell. Prop., LLC v. Apple, Inc.*, No. 13-2058, 2018 WL 4658208, at *2–3 (D. Del. Sep. 27, 2018). Dragon did not request, and the district court did not grant, vacatur of the claim construction order.

Dragon's argument that vacatur of the noninfringement judgment required the district court to ignore its claim construction order in determining exceptionality is incorrect.  The district court was not required to relitigate claim construction for an invalidated patent to resolve Appellants' fee motions.  Unlike *Munsingwear*, which concerned application of *res judicata* when intervening mootness prevented a non-prevailing party from obtaining judicial review, *Munsingwear*, 340 U.S. at 38–39, Dragon is not at risk of harm by enforcement of the district court's claim construction order.

Even though vacatur of the noninfringement judgment did not entitle Dragon to a claim construction do-over, the magistrate judge independently considered whether the prosecution history disclaimed the functionality of the accused devices in her exceptionality inquiry.  Magistrate Rep. and Rec. at *6 n.10 (noting the clear and unambiguous prosecution history disclaimer of accused products and rejecting Dragon's argument of entitlement to "a do-over on a clean slate").  The district court analyzed the prosecution history multiple times for this very issue.  *See id.*; *Dragon Intell. Prop., LLC v. Apple, Inc.*, No. 13-2058, 2015 WL 5298938, at *4 (D. Del. Sep. 9, 2015) (claim construction order); *Dragon Intell. Prop., LLC v. DISH Network L.L.C.*, No. 13-2066, 2021 WL 5177680, at *2 (D. Del. Nov. 8, 2021) (granting-in-part fees under § 285).  Dragon has not presented any grounds for holding that this constitutes an inadequate inquiry.

We hold the district court did not abuse its discretion in declaring these cases exceptional and affirm the district court's grant-in-part of Appellants' motions for attorneys' fees.

## II

We next address Appellants' appeal of the denial-in-part of fees.  Appellants argue the district court erred in denying attorneys' fees incurred during the IPR

proceedings and declining to hold Freitas jointly and severally liable with Dragon for the fee award. The district court concluded § 285 did not permit either form of recovery. We review the scope of § 285 de novo. *Waner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003). We hold § 285 does not entitle Appellants to recovery of fees incurred in parallel IPR proceedings and does not entitle Appellants to hold Dragon's counsel jointly and severally liable for fees.

## A.  Fees Incurred in IPR Proceedings

Appellants challenge the district court's conclusion that fees incurred in the parallel IPR proceedings are not recoverable under § 285. Appellants contend the IPR proceedings were "part and parcel" of the case, and the optional nature of IPR proceedings does not compel the denial of IPR fees. We do not agree.

Appellants voluntarily pursued parallel proceedings in front of the Board instead of arguing invalidity before the district court. Indeed, there are advantages to doing so. In district court, challengers must prove each patent claim invalid by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Before the Board, petitioners need only establish unpatentability by a preponderance of the evidence. 35 U.S.C. § 316(e). By statute, IPR proceedings must be completed within one year of institution, 35 U.S.C. § 316(a)(11), providing an expeditious alternative to potentially years-long litigation. Based on these advantages, parties often strategically choose to argue invalidity before the Board. The "vast majority" of IPR petitioners are sued by patent owners in another venue before filing petitions. UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD PARALLEL LITIGATION STUDY 3 (June 2022). In cases where a party voluntarily elects to pursue an invalidity challenge through IPR proceedings, we see no basis for awarding IPR fees under § 285. The dissent takes issue with

characterization of Appellants' participation in IPR proceedings as "voluntary." Appellants were not compelled to argue invalidity before the Board. Eight other defendants chose not to pursue such proceedings and continued to litigate in district court.

Our holding is consistent with *PPG Industries v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988), on which Appellants rely. In *PPG*, we held that fees incurred by a defendant in reissue proceedings were recoverable under § 285. *Id.* at 1568–69. The district court in *PPG* denied the defendant reissue fees, reasoning participation in the reissue proceedings was "non-mandatory" and the party had the option of arguing validity before the court. *PPG Indus. v. Celanese Polymer Specialties Co.*, 658 F. Supp. 555, 561 (W.D. Ky. 1987). We reversed on the grounds that the defendant's participation in the reissue proceedings was "not optional" because the plaintiff had initiated the reissue proceedings and "forced" the defendant to perform before the Board "precisely the same type of work" the defendant would have performed at trial, so the defendant "had no other option available." *PPG Indus.*, 840 F.2d at 1568. Those are not the circumstances here, where Appellants' initiation of and participation in the IPR proceedings was voluntary.

Appellants also argue the district court misapplied our holding in *Amneal Pharmaceuticals LLC v. Almirall, LLC*, 960 F.3d 1368 (Fed. Cir. 2020), in concluding IPRs are not "cases" under § 285. In *Amneal*, we denied the patent owner's request for fees incurred in IPR proceedings because "section 285 does not authorize [us] to award fees for work that was done before the agency on appeal from an IPR." *Id.* at 1371–72. We rejected the patent owner's argument that our previous guidance to view cases "more as an 'inclusive whole' . . . when analyzing fee-shifting under § 285," *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516–17 (Fed. Cir. 2014) (citation omitted), required application of § 285 to fees incurred in IPR

proceedings. *Amneal*, 960 F.3d at 1371–72. We specifically noted "we were clearly only referring to district court and appellate court proceedings." *Id.* at 1372. Appellants argue *Amneal* is distinguishable because there we denied fees for an IPR instituted before any district court suit was filed, *see id.* at 1370, but here the IPR was filed after Dragon filed suit in district court. While true, this distinction neither renders irrelevant *Amneal*'s analysis of § 285 nor creates inconsistency with our precedent.

We note that a district court is particularly well-positioned to determine whether a case before it is exceptional because it "lives with the case over a prolonged period of time." *Highmark*, 572 U.S. at 564. Were "cases" under § 285 to include IPR proceedings, district court judges would be tasked with evaluating the exceptionality of arguments, conduct, and behavior in a proceeding in which they had no involvement. Such an inquiry is inconsistent with the rationale articulated in *Highmark* and the deference with which we review exceptionality determinations. *See id.* Indeed, the district court determined these cases exceptional based on Dragon's substantive litigation position in the district court and its finding of clear prosecution history disclaimer. These bases for exceptionality are wholly unrelated to parallel proceedings before the Board.

For these reasons, we reject Appellants' argument that § 285 allows recovery of fees incurred in the voluntarily undertaken parallel IPR proceedings.

## B. Attorney Liability

Appellants challenge the district court's holding that a party's counsel of record cannot be held jointly and severally liable for fee awards under § 285. Appellants argue § 285 permits wide discretion in fashioning fee awards based on the circumstances of the case. We agree with the district court's analysis and hold that liability for attorneys' fees awarded under § 285 does not extend to counsel.

We find support for this conclusion in the text of the statute. Section 285 is silent as to who can be liable for a fee award. Conversely, other statutes explicitly allow parties to recover costs and fees from counsel. For example, under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, Federal Rule of Civil Procedure 11 expressly allows the court to impose monetary sanctions on attorneys and law firms, which can include "all of the reasonable attorney's fees and other expenses" incurred as a result of sanctionable conduct. Fed. R. Civ. P. 11(c)(1), (c)(4). Section 285, however, does not identify counsel as liable for a fee award. Statutes and rules that expressly identify counsel as liable are more appropriate vehicles to recover fees from counsel.

Appellants acknowledge that other courts have similarly declined to extend liability under fee-shifting statutes to counsel when the statute is silent on the issue, *see, e.g.*, *In re Crescent City Ests., LLC*, 588 F.3d 822, 825 (4th Cir. 2009), but argue Congress' inclusion of exceptionality language in § 285 indicates intent to allow recovery of fee awards from counsel and parties alike. We do not agree. That Congress has expressly allowed recovery of costs and fees against counsel elsewhere but intended to imply such a provision in § 285 with exceptionality language is untenable. *Cf. Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 761 (1980) (refusing to allow "costs" recoverable against counsel under 28 U.S.C. § 1927 (1948) to include attorneys' fees by reading in such a provision where the statute was silent). The requirement of § 285 that a case be exceptional for the prevailing party to recover attorneys' fees does not create by implication a presumption that liability can extend to counsel. When, as here, the statute does not provide for fee awards against attorneys and other statutes expressly do for similar types of conduct, it is reasonable to

conclude, as the district court did, that fees cannot be assessed against counsel.

Appellants argue we have previously allowed assessment of § 285 fees against non-parties based on the nature of the case's exceptionality. Appellants rely primarily on *Ohio Cellular Products Corp. v. Adams USA, Inc.*, where we affirmed a determination that the plaintiff's president and sole shareholder, who committed inequitable conduct during prosecution of a patent, could be joined as a third-party against whom fees could be collected. 175 F.3d 1343, 1352 (Fed. Cir. 1999), *rev'd sub nom. Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000). The Supreme Court reversed our opinion on due process grounds but noted its decision "surely does not insulate" the third party "from liability." *Nelson*, 529 U.S. at 472. Unlike here, the third-party in *Nelson* was not counsel for either party. In no case have we imposed liability against a third party because they were a party's attorney. We see no basis in our precedent to allow Appellants to recover § 285 fees from counsel, especially where, as here, exceptionality was based on Dragon's substantive litigation position and not on counsel's manner of litigating.

For these reasons, we reject Appellants' argument that § 285 allows Freitas to be held jointly and severally liable for the fee award and affirm the district court's denial-in-part of fees.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We affirm the district court's judgment granting-in-part and denying-in-part Appellants' motions for attorneys' fees.

## **AFFIRMED**

### COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

---

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**DISH NETWORK L.L.C.,**
*Defendant-Appellant*

**v.**

**ROBERT E. FREITAS, FREITAS & WEINBERG LLP,**
*Respondents-Appellees*

---

2022-1621, 2022-1777

---

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02066-RGA, Judge Richard G. Andrews.

-------------------------------------------------

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**SIRIUS XM RADIO INC.,**
*Defendant-Appellant*

**v.**

## ROBERT E. FREITAS, FREITAS & WEINBERG LLP,

*Respondents-Appellees*

————————————

2022-1622, 2022-1779

————————————

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02067-RGA, Judge Richard G. Andrews.

————————————

BENCIVENGO, *District Judge*, dissenting-in-part.

I join Parts I and II.B of the majority's opinion, but I respectfully dissent from Part II.A. The majority categorically holds that § 285 does not entitle a defendant to recover fees incurred in IPR proceedings that the defendant sought to institute after being sued for infringement. I disagree.

The majority, by characterizing Appellants' election to utilize IPR as "voluntary" and "parallel" to the district court litigation, holds that there is no basis for awarding IPR fees under § 285. Appellants did not "voluntarily" seek to invalidate Dragon's patents through IPR as would arguably have been the case had Appellants initiated IPR before Dragon filed this lawsuit. Instead compelled to contest the validity of Dragon's patents in response to Dragon's meritless infringement suit, Appellants exercised their statutory option to litigate their affirmative invalidity defenses in IPR.

As contemplated by the creation of IPR, Appellants utilized this substitute venue pursuant to 35 U.S.C. § 315(b) for efficiencies in lieu of district court proceedings. There are advantages in doing so for challengers to be sure, as the

majority points out, but there are also constraints. For instance, the challenge must be submitted fully formed within 12 months of the suit being served with little, if any, discovery. The results are binding. Estoppel provisions preclude the challenger from asserting in the district court invalidity arguments that were raised or could have been raised in IPR. 35 U.S.C. § 315(e)(2).

In this case the IPR was not "parallel" to the district court litigation. The Appellants were not litigating invalidity, or anything else, in parallel in the district court. To the contrary, at Appellants' request, the district court stayed the litigation pending the outcome of the IPR. The IPR, therefore, substituted for district court litigation on Appellants' validity challenge. *See* 157 Cong. Rec. S1376 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) (if an inter partes review is instituted while litigation is pending, that review will completely substitute for at least the patent-and-printed publications portion of the civil litigation). The Appellants' success in the IPR proceeding led to the determination that Appellants were the prevailing party in this litigation. *Dragon Intell. Prop., LLC v. DISH Network LLC*, 956 F.3d 1358, 1361–62 (Fed. Cir. 2020).

The majority expresses concern that a district court is not situated to make an exceptional case finding based on the proceedings in the IPR over which it did not preside. That, however, is not the situation at hand. The Appellants do not seek an exceptional case finding based on the outcome of the IPR.

The district court found this case exceptional based on a determination that it was objectively baseless from its inception. Appellants seek the fees they expended in the IPR, in which they prevailed, as compensation for their defense of this baseless litigation. The incurrence of these fees is not wholly unrelated to the bases for exceptionality. Appellants incurred fees in the IPR that they would not have incurred but for being sued by Dragon in a case that should

not have been initiated by Dragon. To categorically preclude recovery of IPR fees in this circumstance is inconsistent with § 285 or the intent of IPR itself.

In a case such as this, where exceptionality is based on a determination that the case was objectively baseless from its inception, it should be within the discretion of the district judge to award *all* reasonable fees incurred by the prevailing defendant, including fees incurred in an IPR that resolved any invalidity defenses that were required to be asserted in response to the baseless complaint.

Accordingly, I respectfully dissent-in-part from this portion of the majority opinion, and this court should reverse the district court's decision denying Appellants' request for fees incurred in IPR.